## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                                                    )          **Judge Jack B. Schmetterer**
                                                          )
                                                          )
GAWEDA, MAREK,                                            )          No. 13-32164
Debtor,                                                   )          Chapter 13
                                                          )
                                                          )
                                                          )
———————————————————                                      )
                                                          )
MAREK GAWEDA,                                             )
                                                          )
Plaintiff,                                                )
                                                          )
v.                                                        )          Adversary Proc. No. 14-00319
                                                          )
RBS CITIZENS FINANCIAL GROUP,                            )
INC., successor in interest to CHARTER                    )
ONE BANK,                                                 )
                                                          )
Defendant.                                                )

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

### FINDINGS OF FACT

**A. The Parties**

   1. The Plaintiff is Marek Gaweda ("Plaintiff").

   2. The Defendant is RBS CITIZENS FINANCIAL GROUP, INC., successor in

interest to CHARTER ONE BANK ("Defendant").

**B. Factual Background**

   1. On or about August 12, 2013, Plaintiffs filed a petition for relief under Chapter

7 of the Bankruptcy Code.   On November 18, 2013, this case was converted to Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own real estate commonly known as 3319 N. Narragansett, Chicago, Illinois 60634.

3. That PNC Bank holds a first mortgage lien on the real property commonly known as 4219 North Austin Avenue, Chicago, Illinois 60634, with a secured claim of $305,000.00 pursuant to the Plaintiff's recent statement.

4. The Defendant holds a second mortgage lien on the real property known as 4219 North Austin Avenue, Chicago, Illinois 60634 in the approximate amount of $149,973.46 pursuant to a recent statement mailed by Defendant to Plaintiff.

5. On April 28, 2014, certified residential real estate appraiser Steve Orlowski conducted a residential real estate appraisal on Plaintiffs' property. Said property appraisal reflects the value of 3319 N. Narragansett, Chicago, Illinois 60634 to be $295,000.00.

6. The Modified Chapter 13 Plan filed on April 28, 2014 provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $271.00 per month for 60 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On May 8, 2014, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 3319 N. Narragansett, Chicago, Illinois 60634.

9. That on May 12, 2014, a copy of the summons and complaint was served in

accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by

Certified Mail, postage prepaid to an officer of the Defendant at 1 Citizens Plaza, Suite 1,

Providence, RI 02903.

10. The summons indicated that a motion or answer was required within 30

days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim

that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of

$295,000.00.

13. The first secured mortgage of PNC Bank in the amount of $305,000.00

exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C.

§157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§

157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. Plaintiffs scheduled the first secured mortgage of JPMorgan Chase Bank, NA

in the amount $305,000.00, and the second secured claim of Defendant in the amount of

$149,973.46.

5. That value of Plaintiffs' residence is $295,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…" *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*.  Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by <u>Nobelman v. American Savings Bank</u>, 508U.S. 324 (1993). See <u>Pond v. Farm Specialist Realty</u> (In re Pond), 252 F.3d 122 (2nd Cir.2001); <u>McDonald v. Master Fin., Inc.</u> (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); <u>In re Bartee</u>, 212 F.3d 277 (5th Cir. 2000); <u>In re Lane</u>, 280 F.3d 663 (6th Cir. 2002); <u>Zimmer v. PSB Lending Corp.</u>, 313 F.3d 1220 (9th Cir. 2002); and <u>In re Tanner</u>, 217 F.3d 1357 (11th Cir. 2000).

**ENTER:**

**DATED:** ___6/17/14___   _____
United States Bankruptcy Judge

LAW OFFICES OF JOHN HADERLEIN, ESQ.
815-C COUNTRY CLUB DRIVE
LIBERTYVILLE, IL 60048
(312) 316-4614 (voice/text)
ARDC NO. 6197623

4